## In re COLMAN et al.

Court of Appeals of District of Columbia.
Submitted January 14, 1929. Decided
February 4, 1929.

No. 2101.

Geo. L. Chindahl, of Chicago, Ill., for appellant.

T. A. Hostetler and Howard S. Miller, both of Washington, D. C., for Patent Office.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from the decision of the Commissioner of Patents affirming the action of the examiners in chief in refusing to allow claims 31, 32, 33, 38, and 43 of appellants' application.

The claims read as follows:

"31. A winder having, in combination, stationary means for supporting a supply-yarn carrier for the drawing of yarn off the end of the carrier, and automatically-actuated mechanism for effecting the discharge of the spent carrier from said stationary supporting means.

"32. The combination of a skewer for supporting a supply-yarn carrier for the drawing of yarn off the end of the carrier, and automatically-actuated mechanism for effecting the disengagement of the spent carrier and the skewer from each other.

"33. A winder having, in combination, a stationary casing to enclose a stationary supply yarn mass and thus reduce aerial resistance to the ballooning of the yarn in the unwinding of said yarn mass, and mechanism for placing in said casing a supply yarn mass to be unwound."

"38. A winder having, in combination, a thread guide for a thread being unwound, and means for laterally moving a full bobbin into position with its tip in alinement with said guide."

"43. A winder having, in combination, means for supporting a yarn mass for the drawing of yarn off the end of the yarn mass, and devices for operatively associating a yarn mass with said supporting means."

The invention relates to means for supporting in succession a series of yarn masses for rewinding. The bobbin from which the yarn is to be unwound is placed upon a skewer inside of a casing and the yarn is taken out through the top thereof. One purpose in view is to prevent the yarn from swinging or "ballooning" as it is unwound from the bobbin. The casing is hinged longitudinally in order to allow the removal of a spent bobbin and the replacing of it by a full bobbin. To accomplish this latter function, appellants have devised a machine which automatically removes the spent one and replaces it with a full bobbin.

The references relied upon for the rejection of the appealed claims are: Vileyn, 441454, November 25, 1890; Nottingham, 446691, February 17, 1891; Tichon, 691377, January 21, 1902.

The patent to Vileyn discloses a container for holding a mass of twine or like material and a method of unwinding it through the top so that it will not become tangled. The mass of twine or other material is placed upon a skewer or spindle and unwound off the top thereof.

The patent to Nottingham discloses a box or container with a hinged door and a method of unwinding a series of balls of twine or like material without tangling. The twine is unwound through a series of guides, and the balls of twine, when exhausted, are replaced through the hinged door.

The patent to Tichon discloses a doffing machine for automatically taking full bobbins off the rack and replacing them with empty bobbins.

Claim 31 simply shows a device for holding the bobbin and a means for discharging it when empty. This is covered by the patents to Vileyn and Tichon. Claim 32 shows only that the bobbin is supported by a skewer and is disengaged therefrom when spent. The same references apply to this. Claim 33 calls for a casing in which a supply of yarn is to be unwound in order to reduce aerial resistance and prevent ballooning of the yarn as it is unwound, and mechanism for placing the yarn in the casing. The casings of Vileyn and Nottingham, however, accomplish the same purpose. Claims 38 and 43 also read directly upon the references.

1000

We agree with the rejection of the appealed claims, and affirm the Commissioner's decision.